```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
LUIS BAEZ,                                :
                                          :
                        Petitioner,       :    REPORT AND
                                          :    RECOMMENDATION
              - against -                 :
                                          :    05 Civ. 1996 (LTS) (RLE)
JAMES MORRISSEY, SUPERINTENDENT,          :
                                          :
                        Respondent.       :
------------------------------------------------------
```

**To the HONORABLE LAURA TAYLOR SWAIN, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* petitioner, Luis Baez ("Baez"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on April 11, 2001, in New York State Supreme Court, New York County. Baez was convicted of two counts of criminal sale of a controlled substance in the third degree, and two counts of criminal possession of a controlled substance in the third degree, and sentenced to four concurrent terms of six to twelve years imprisonment. He is currently incarcerated at Marcy Correctional Facility in Marcy, New York.

Baez challenges his conviction on the grounds that 1) the trial court deprived him of a fair trial, when in the **Sandoval** [**People v. Sandoval**, 34 N.Y.2d 371 (1974)] hearing it granted the prosecution leave to examine him on the underlying facts of his previous convictions, and 2) his sentence is excessive. For the reasons set forth below, I recommend that Baez's writ of habeas corpus be **DENIED.**

## II. BACKGROUND

**A. Factual Background**[1]

On September 14, 2000, Baez sold glassine envelopes of heroin to an undercover police officer and to a civilian on the corner of 37th Street and Eighth Avenue in Manhattan. David Szuchman's Declaration in Opposition to Petition for Habeas Corpus ("Szuchman Decl."), dated March 7, 2006, Exh. B at 10-12. Baez was subsequently arrested, and searched. **Id**. at 14-15. The police recovered fifteen glassine envelopes of heroin in his clothing. **Id**. at 15. He was charged with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree.

In a **Sandoval** hearing, the court granted the prosecution leave to examine Baez on the underlying facts of his previous convictions. Although Baez maintains that he testified at trial, the record indicates that he did not testify or present any evidence at trial. Szuchman Decl., Exh. B at 17. He was convicted on April 11, 2001, and sentenced on May 31, 2001.

On November 18, 2003, the Appellate Division affirmed Baez's conviction, finding that 1) the trial court did not abuse its discretion when it ruled that the prosecution could examine him about the underlying facts of his previous convictions, and 2) there was no basis for reducing his sentence. **People v. Baez**, 767 N.Y.S.2d 106 (App. Div. 1st Dep't 2003). On February 25, 2004, Baez's application for leave to appeal to the New York State Court of Appeals was denied.

---

[1]The Court does not have the transcript of Baez's trial. The factual recitation herein is derived from Baez's and respondent's submissions to this Court, and on direct appeal to the New York Supreme Court, Appellate Division, First Department. "If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence." 28 U.S.C. § 2254, Rule 5(c); **Elliott v. Kuhlmann**, 2004 WL 806986, at *2 (S.D.N.Y. Apr. 9, 2004); **Douglas v. Portuondo**, 232 F. Supp. 2d 106, 109, n.1 (S.D.N.Y. 2002). The Court finds that the current record suffices to resolve Rodriguez's claims.

## III. DISCUSSION

**A.     Timeliness**

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. *See* 28 U.S.C. § 2244(d)(1). A conviction becomes final when the time to seek direct review in the United States Supreme Court by writ of certiorari expires, that is, ninety days after the final determination by the state court. **Williams v. Artuz**, 237 F.3d 147, 150 (2d Cir. 2001) (*quoting* **Ross v. Artuz**, 150 F.3d 97, 98 (2d Cir. 1998). Because the New York Court of Appeals denied Baez's application for leave to appeal on February 25, 2004, his petition had to be filed within one year from May 25, 2004. The petition was filed on December 7, 2004, and is therefore timely.

**B.     Exhaustion of Claims**

Pursuant to 28 U.S.C. § 2254(b), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Court may not consider Baez's petition for habeas corpus unless he has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); **Picard v. Connor**, 404 U.S. 270, 275 (1971); **Dorsey v. Kelly**, 112 F.3d 50, 52 (2d Cir. 1997). This requirement of exhaustion is "based on considerations of comity between federal and state courts, ensuring that the state courts have an opportunity to consider and correct any violations of their prisoners' federal constitutional rights." **Warren v. McClellan**, 942 F. Supp. 168, 170 (S.D.N.Y. 1996) (*citing* **Picard**, 404 U.S. at 275). In order to satisfy substantive exhaustion, Baez's claim before the state courts must have been federal or constitutional in nature. Although not an exacting standard, Baez must have informed the state courts of "both the factual and the legal premises of the claim [he] asserts in federal court." **Baez v. Vacco**, 126 F.3d 408, 413 (2d Cir. 1997)

(*quoting* **Daye v. Attorney General**, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)). He may meet this requirement by:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claims in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

**Daye**, 696 F.2d at 194. Procedurally, Baez must have utilized all avenues of appellate review within the state court system before proceeding to federal court. *See* **Bossett v. Walker**, 41 F.3d 825, 828 (2d Cir. 1994). He must have raised a federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent state.'" **Id**. (*quoting* **Pesina v. Johnson**, 913 F.2d 53, 54 (2d Cir. 1990).

Respondent concedes that Baez properly raised his **Sandoval** claim and framed it in constitutional terms in both his direct appeal to the Appellate Division and his application for leave to appeal to the New York Court of Appeals. That claim is exhausted and reviewable by this Court. However, Baez did not present his sentencing claim in federal constitutional terms to the Appellate Division. The sentencing claim is, therefore, unexhausted. **White v. Keane**, 969 F.2d 1381, 1383 (2d Cir. 1992); **Diaz v. Herbert**, 317 F. Supp. 2d 462 (S.D.N.Y. 2004). However, the Court can deny a claim on the merits even if its unexhausted. 28 U.S.C. § 2254(b)(2).

**C.    Review on the Merits**

    **1. The Legal Standard**

Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, this Court should grant a writ of habeas corpus if one of two conditions is satisfied: "the state court adjudication (1) resulted in a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" **Williams v. Taylor**, 529 U.S. 362, 412 (2000) (*quoting* 28 U.S.C. § 2254(d)(1)); *see also* **Shabazz v. Artuz**, 336 F.3d 154, 160-61 (2d Cir. 2003). A state court decision is contrary to federal law if the state court applies "a conclusion opposite to that reached by [the] Supreme Court on a question of law" or if it "decides a case differently than [the] Supreme Court has on a set of materially indistinguishable facts." **Williams**, 529 U.S. at 413. A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." **Id**. "Clearly established federal law" refers only to Supreme Court "holdings, as opposed to the dicta, of its decisions as of the time of the relevant state court decision." **Id**. at 412.

An adjudication on the merits occurs when a state court: "(1) disposes of the claims 'on the merits;' and (2) reduces its disposition to judgment." **Sellan v. Kuhlman**, 261 F.3d 303, 312 (*quoting* 28 U.S.C. § 2254(d)). State courts are not required to explain their reasoning process in order to adjudicate on the merits. **Id**. at 311. Since Baez's claim was adjudicated on the merits in the appellate court, this Court must review it under the standard of deference set forth in 28 U.S.C. § 2254(d)(1).

## 2. The Sandoval Claim

A **Sandoval** hearing is an evidentiary proceeding at which the trial court determines the extent to which a prosecutor may cross-examine a testifying defendant about his prior convictions. 34 N.Y.2d 371 (1974). Baez contends that the trial court abused its discretion when it ruled that the prosecution would be allowed to ask about his previous drug convictions. To establish a constitutional deprivation, Baez must show that an error in the hearing "deprived him of a fundamentally fair trial." **Rosario v. Kuhlman**, 839 F.2d 918 (2d Cir. 1988). He must demonstrate that the error caused him actual prejudice by having a "substantial and injurious effect or influence in determining the jury's verdict." *See* **Brecht v. Abrahamson**, 507 U.S. 619, 637 (1993) (*citing* **Kotteakos v. United States**, 320 U.S. 750, 776 (1946)).

Respondent argues that Baez's **Sandoval** claim is without merit because he did not tetsify at trial. The Court agrees. Baez's "failure to testify is fatal to any claims of constitutional deprivation arising out of a **Sandoval** type ruling because in the absence of such testimony the Court has no adequate non-speculative basis upon which to assess the merits of that claim. . ." **Peterson v. LeFevre**, 753 F. Supp. 518, 521 (S.D.N.Y.), *aff'd*, 940 F.2d 649 (2d Cir. 1991); **Luce v. United States**, 469 U.S. 38, 43 (1948). The Court cannot provide "relief for allegedly erroneous **Sandoval** rulings in instances where a defendant elects not [to] testify." **McEachin v. Ross**, 951 F. Supp. 478, 480 (S.D.N.Y. 1997). I recommend, therefore, that Baez's claim related to the **Sandoval** hearing be **DENIED**.

## 3. The Excessive Sentence Claim

Baez contends that his sentence is excessive. Baez was found guilty of two counts of

criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. He could have received a maximum sentence of twenty-five years of incarceration based on the New York sentencing guidelines. New York Penal Law § 70.06(3)(b). Instead, he was sentenced to concurrent terms of six to twelve years, far less than the statutory maximum. The sentencing statute is the province of the state legislature. **Alvarez**, 1993 WL 15455, at *13. Since Baez's sentence is within the limits set by the legislature, it does not present a federal constitutional question, and there is no basis for habeas corpus relief. **Keane**, 969 F.2d at 1383; **Brown v. Goord**, 2002 WL 31093611, at *5 (S.D.N.Y. Sept. 13, 2002); **Alvarez v. Scully**, 1993 WL 15455, at *12 (S.D.N.Y. Jan. 11, 1993). I recommend, therefore, that this claim be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Baez's petition for a writ of habeas corpus be **DENIED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Laura Taylor Swain, 40 Centre Street, Room 426, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892

F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: May 9, 2006**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

**Copies of this Report and Recommendation were sent to:**

Luis Baez
# 01-A-3434
Marcy Correctional Facility
P.O. Box 36000
Marcy, NY 13403-3600

Luke Martland
Assistant Attorney General
Office of the Attorney General of the State of New York
120 Broadway
New York, NY 10271